United States District Court
Southern District of Texas
**ENTERED**
October 01, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DANNELLY CABRERA GONGORA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:26-CV-925 |
| | § | |
| WARDEN, EL VALLE DETENTION FACILITY, | § | |
| | § | |
| Respondent. | § | |

**ORDER**

Petitioner Dannelly Cabrera Gongora is currently detained by Immigration and Customs Enforcement at the El Valle Detention Center in Willacy County, Texas. In this habeas action, Petitioner alleges that she has remained in immigration detention for an extended period of time without receiving an individualized custody review or a bond hearing. (Pet., Doc. 1, 6) The Court construes her Petition as challenging her detention under 8 U.S.C. § 1225(b)(2) without a bond hearing.

The Fifth Circuit's ruling in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) forecloses any statutory argument. To the extent that Petitioner alleges that the Fifth Amendment's Due Process Clause does not permit Respondents to detain an individual under Section 1225(b)(2)(A) without an opportunity to seek bond, the Court has previously considered and rejected similar arguments. *See, e.g., Makhmudov v. Lyons*, No. 1:26-CV-024, 2026 WL 879392, at *1 (S.D. Tex. Mar. 31, 2026) (citing *Zuniga v. Lyons*, 814 F. Supp. 3d 685, 696 (N.D. Tex. 2025); *Guzman-Diaz v. Noem*, No. 3:25- CV-3008-X-BN, 2026 WL 309938, at *8 (N.D. Tex. Feb. 5, 2026); *Giron v. Noem*, No. 4:26- CV00086, 2026 WL 252370, at *2 (S.D. Tex. Jan. 28, 2026); and *Banyee v. Garland*, 115 F.4th 928, 930 (8th Cir. 2024)). Additionally, the Court finds the reasoning of other district courts in denying relief to be persuasive. *See, e.g., Castellano v. Strong*, No. 6:26-CV-125-H, ___ F.Supp.3d ___, 2026 WL 2225137, *6 (N.D. Tex. Aug. 3, 2026)

("The Due Process Clause does not require the United States to release aliens in ongoing removal proceedings after a certain period of time.").

To facilitate the Court's consideration of the issues that Petitioner presents, it is:

**ORDERED** that by no later than October 22, 2026 Petitioner Dannelly Cabrera Gongora shall file a Statement explaining why the reasoning in the previously-referenced decisions does not apply to the claims that she presents. To the extent Petitioner bases her claims on an argument other than a challenge to her detention under 8 U.S.C. 1225(b)(2), Petitioner in her Statement shall clarify the grounds for her requested relief.

If Petitioner does not file the Statement, the Court will deny the Petition.

The Clerk of Court is directed to serve a copy of this Order upon Respondents in accordance with the Memorandum of Understanding.

Signed on October 1, 2026.

Fernando Rodriguez, Jr.

Fernando Rodriguez, Jr.
United States District Judge